# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROCHELLE DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06 C 4614 |
| ) | |
| JOHN E. POTTER, Postmaster General ) | |
| of the United States, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Rochelle Davenport filed this suit against John E. Potter, Postmaster General of the United States, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(a). Davenport alleges that the Postal Service discriminated against her on account of her race and alleged disability when it terminated her. Potter has moved for summary judgment on the ground that Davenport did not pursue the necessary administrative remedies in a timely fashion. For the following reasons, the Court denies Potter's motion.

### Background

Potter previously filed a motion to dismiss or for summary judgment raising essentially the same issue he asserts in the present motion. Specifically, Potter argued that Davenport failed to initiate administrative remedies in a timely fashion. Exhaustion of administrative remedies is a prerequisite to suit under the ADA. Under applicable

regulations, a federal employee must seek internal EEO counseling within forty-five days of the date of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1).

The Court denied both of Potter's motions on May 30, 2007. The Court denied the motion to dismiss because Davenport's complaint lacked any indication that her resort to EEO counseling was untimely. The Court denied the motion for summary judgment because Potter presented no evidence that Davenport was notified of her termination on a date early enough to establish that her pursuit of EEO counseling was untimely. *Davenport v. Potter*, No. 06 C 4614, 2007 WL 1576551, at *3 (N.D. Ill. May 30, 2007).

Potter has now filed a second motion for summary judgment, again arguing that Davenport failed to seek EEO counseling within forty-five days after the alleged discrimination. The parties agree that Davenport first sought EEO counseling regarding the termination on October 12, 2005. Pl. Resp. at 1; Def. LR 56.1 Statement of Material Facts ¶ 23. This was untimely if Davenport was notified of the termination before August 28, 2005.

Davenport began working as a mail carrier for the Postal Service in February 1994. Pl. Resp. at 2. During September 2003, she injured her ankle while working, leaving her unfit to work, but she remained employed with the Postal Service while receiving worker's compensation benefits. *Id.* ¶¶ 2-3. On May 24, 2005, Davenport underwent surgery for her injury; she contends she regularly informed the Postal Service of her medical condition. *Id.* ¶¶ 3-5. She says she returned to work on September 9, 2005 on her doctor's advice. *Id.* ¶ 3 & Ex. L.

Potter contends that the Postal Service suspended and then "removed" (terminated) Davenport in June 2005 because she had failed to report to work as ordered on May 31, 2005. On June 14, 2005, the Postal Service sent Davenport a notice of removal by certified mail to her home address, of 6150 S. Marshfield, Chicago, Illinois 60636. Def. Ex. 6. On the outside of the envelope, the word "Removal" was written, though in a marginally legible scrawl. *Id.* The envelope also has the word "refused" written on it, and it is stamped "refused"; it was returned to the Postal Service. Potter has submitted an affidavit from Charles Bates, Jr., who worked (and still works) the route that includes the 6100 block of South Marshfield. Bates says that the word "refused" on the envelope is in his handwriting. He also says that he knows Davenport from their work together at the Postal Service. According to Bates, "within approximately a week of June 14, 2005, I attempted to deliver this envelope to Ms. Davenport and she refused to accept it or sign for it." Bates Affid. ¶ 4.

Potter has also submitted a letter that Davenport wrote "to whom it may concern" on September 12, 2005, apparently (or at least in anticipation of) contesting her termination. Def. Ex. 9. In that letter, Davenport stated that "During the middle of June, 2005, I received a notice of removal from my job." *Id.*

Based on these materials, Potter contends that Davenport was notified of her termination in June 2005, more than forty-five days before she sought EEO counseling, either because she received the letter, because she was put on notice of her removal by the notation on the outside of the letter, or because the letter should be presumed to have been delivered and/or received.

When her deposition was taken in this case, however, Davenport denied receiving or refusing the notice of removal allegedly sent to her home. Def. Ex. 2 at 10. Davenport has also submitted affidavits – one of her own and one from a man named Ronald Coleman – to the effect that in late May 2008, Davenport asked Bates about his affidavit, and he said that he signed it at the direction of a supervisor without looking at it and that he could not possibly have remembered something that had supposedly taken place three years earlier. Pl. Ex. M.

**Discussion**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when "the pleadings, depositions, answers, to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Because Potter has moved for summary judgment, the Court views the evidence and draws all reasonable inferences in favor of Davenport, the non-moving party. *See, e.g., DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987).

The Court finds that there is a genuine issue of fact regarding Davenport's receipt of the notice of removal, precluding entry of summary judgment. Potter relies primarily on Davenport's September 2005 letter, arguing that she admitted receiving the notice of removal in June 2005. In her deposition, however, Davenport denied receiving or refusing delivery of the notice.[1]

---

[1] A reasonable jury could reject mail carrier Bates' statement that he attempted
(continued...)

When a subsequent sworn statement contradicts a prior unsworn admission, a genuine issue of fact exists.  See *Shockley v. City of Newport News*, 977 F.2d 18, 23 (4th Cir. 1993) (finding a genuine factual issue when subsequent affidavit contradicted and attempted to explain prior unsworn admissions in a letter); *Kibbee v. City of Portland*, No. CV-98-675-ST, 1999 WL 1271868, at *4 (D. Or. Dec. 23, 1999) (finding that "unsworn testimony cannot be the basis for striking subsequent and contradictory sworn testimony").  In this Circuit, in *Jean v. Dugan*, 814 F. Supp. 1401, 1404 (N.D. Ind. 1993), the court determined that contradictions between a plaintiff's affidavit and an unsworn letter he wrote prior to litigation gave rise to a genuine issue of fact.

Potter asks the Court to disregard Davenport's deposition testimony on the ground that it is self-serving.  See Def. Mem. at 7 (citing *Witte v. Wisconsin Dept. of Correction*, 434 F.3d 1031, 1036-37 (7th Cir. 2006); *Evans v. City of Chicago*, 434 F.3d 916, 933 (7th Cir. 2006); and *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983)).  The mere fact that evidence may be characterized as self-serving does not, however, preclude its consideration.  So-called self-serving statements may support or defeat summary judgment provided they are within the declarant's personal knowledge. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).  The Seventh Circuit has "routinely found that a nonmoving party's own affidavit can constitute affirmative evidence to defeat a summary judgment motion." *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003).

---

[1](...continued)
to deliver the notice to Davenport, based on his alleged inconsistent statements made to Davenport and Coleman.

In none of the cases Potter cites did the Seventh Circuit uphold a grant of summary judgment simply because statements made in opposition to the motion were "self-serving." Rather, the court disregarded the statements because they lacked support in the factual record. *Witte,* 434 F.3d at 1036-37 (finding no genuine issue in part because plaintiff's responses to defendant's proposed facts merely repeated his contentions without evidentiary support); *Evans*, 434 F.3d at 933 (finding no genuine issue when plaintiff's affidavit opposing summary judgment offered no factual support); *Posey*, 702 F.2d at 105 (same). As Judge Rovner explained for the court in *Payne*, in cases of that sort, "[i]t is not the self-serving nature of the affidavits . . . that sealed their fate . . . . After all, most affidavits submitted for these purposes are self-serving. Instead, these affidavits fails to thwart summary judgment because they are not based on personal knowledge . . . ." *Payne*, 337 F.3d at 772. By contrast, Davenport's sworn testimony regarding her non-receipt and non-refusal of the removal notice involves matters within her personal knowledge.

The Court also notes that in light of her sworn testimony regarding non-receipt of the letter, Davenport's prior statement indicating she received it is no more binding on her than any other prior inconsistent statements made out of court is binding on the witness or party who made it. Determining which of two such contradictory statements is true is the function of a factfinder (in this case a jury) after a trial, not a judge on a motion for summary judgment.

Potter argues in the alternative that even if Davenport is not bound to her pre-suit admission about receiving the removal notice, the law presumes that she did in fact receive it in June 2005. Some cases apply a presumption that an item that is mailed is

received five days after its mailing date. *See Jones v. Potter,* No. 05 C 0858, 2006 WL 850846, at *5 (N.D. Ill. Mar. 29, 2006) (citing *Lloyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989)). The presumption operates only in the absence of evidence of actual receipt. *Krontz v. Astrue*, No. 1:07-CV-303-TS, 2008 WL 2518624, at *3 (N.D. Ind. June 20, 2008); *Hall v. Sec'y of Dept. of Health and Human Services,* No. 88 C 6573, 1988 WL 84729, at *1 (N.D. Ill. Aug. 11, 1988).

The presumption of receipt is, however, rebuttable. Specifically, the alleged recipient's denial of receipt rebuts the presumption. *Witt v. Roadway Exp.,* 136 F.3d 1424, 1430 (10th Cir. 1998); *Anderson v. United States,* 966 F.2d 487, 492 (9th Cir. 1992). Because Davenport has denied under oath that she received or refused the removal notice, there is a genuine factual dispute that renders summary judgment inappropriate. *See, e.g., Vine v. Bower,* No. 87 C 7924, 1988 WL 35595, at *1 (N.D. Ill. Apr. 08, 1988) (affidavit denying receipt of letter created a factual dispute and was sufficient to rebut the presumption); *Krontz*, 2008 WL 2518624, at *3 (a facsimile suggesting that plaintiff had not yet received a notice was sufficient to rebut the presumption).

Potter also invokes the presumption of delivery that arises from evidence of proper mailing. *See Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993). Under *Godfrey*, evidence sufficient to invoke the presumption includes "evidence of actual mailing such as an affidavit from the employee" who sent the mailing or "proof of procedures followed in the regular course of operations which give rise to a strong inference" that a mailing was properly addressed and sent. *Id.*

7

The presumption of delivery following mailing is rebuttable by evidence of non-delivery. For example, in *In re Longardner & Assoc.*, 855 F.2d 455, 459 (7th Cir. 1988), the Seventh Circuit found that the plaintiff's denial of the delivery created a genuine issue of material fact. *See also Vaden v. IndyMac Bank, F.S.B.*, No. 02 C 1150, 2003 WL 22136306, at *4 -5 (N.D. Ill. Sept. 16, 2003) (denying summary judgment because plaintiff denied receipt at his deposition); *Jones v. Citibank, FSB*, 844 F. Supp. 437, 441 (N.D. Ill. 1994) (denying summary judgment because co-plaintiff's affidavit unequivocally denied receipt of a letter). Because Davenport denied under oath that she received or refused the notice, summary judgment on this basis is likewise inappropriate.

The Court understands Potter's desire to seek disposition of the case on the basis of Davenport's allegedly untimely invocation of administrative remedies, before both sides and the Court become embroiled in litigating the merits of Davenport's claims. Summary judgment, however, is not the way to go about this – and Potter ought to have realized that after Davenport gave sworn deposition testimony denying receipt or refusal of the termination notice. Other alternatives may exist. One such alternative, which the Court is willing to consider, would be to sever the exhaustion / limitations issue under Federal Rule of Civil Procedure 42(b) and conduct a separate jury trial of that issue, promptly, before moving on to the merits of Davenport's claims. *See, e.g., Yacub v. Sandoz Pharm. Corp.*, 85 F. Supp. 2d 817, 828 (S.D. Ohio 1999). The Court will address this subject with the parties at the status hearing set as part of this order.

**Conclusion**

For the foregoing reasons, the Court denies defendant's motion for summary judgment [docket no. 51] and sets the case for a status hearing on August 28, 2008 at 9:30 a.m. for the purpose of discussing the possibility of severing the exhaustion / limitations issue and promptly holding a jury trial limited to that issue.

_____
         MATTHEW F. KENNELLY
         United States District Judge

Date: August 15, 2008